John W. Shaw [State Bar No. 82802]
jshaw@stl-lawoffices.com
SHAW, TERHAR & LaMONTAGNE, LLP
707 Wilshire Boulevard, Suite 3060
Los Angeles, California 90017
Telephone: (213) 614-0400
Facsimile: (213) 629-4534

Attorneys for Defendant
JOHN GUEST USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA STATE AUTOMOBILE ASSOCIATION, INTER-INSURANCE BUREAU,<br><br>Plaintiff,<br><br>vs.<br><br>FRANKE, INC., JOHN GUEST USA, INC., and DOES 1 through 50, inclusive,,<br><br>Defendants. | Case No. 3:08-cv-01642-EDL<br><br>**DEFENDANT JOHN GUEST USA, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: March 10, 2008 |

Defendant JOHN GUEST USA, INC. ("DEFENDANT") hereby responds to Plaintiff CALIFORNIA STATE AUTOMOBILE ASSOCIATION, INTER-INSURANCE BUREAU's ("Plaintiff") Complaint by the following Answer and hereby admits, denies, and alleges as follows:

1.  In response to Paragraph 1 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in the said paragraph.

2.  In response to Paragraph 2 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations

contained in said paragraph, and on that basis denies each and every allegation contained in the said paragraph.

3. In response to Paragraph 3 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in the said paragraph.

4. In response to Paragraph 4 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in the said paragraph.

5. In response to Paragraph 5 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in the said paragraph.

6. In response to Paragraph 6 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in the said paragraph.

7. In response to Paragraph 7 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in the said paragraph.

8. In response to Paragraph 8 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in the said paragraph.

9. In response to Paragraph 9 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations

1 contained in said paragraph, and on that basis denies each and every allegation contained in the said paragraph.

2. 10. In response to Paragraph 10 of Plaintiff's Complaint, DEFENDANT denies each and every allegation contained in the said paragraph as it pertains to DEFENDANT's product. As to Defendant FRANKE, INC.'s product, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in the said paragraph.

11. In response to Paragraph 11 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in the said paragraph.

12. In response to Paragraph 12 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in the said paragraph.

13. In response to Paragraph 13 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in the said paragraph.

14. In response to Paragraph 14 of Plaintiff's Complaint, DEFENDANT admits the allegations as it pertains to DEFENDANT. As to the allegations in Paragraph 14 of Plaintiff's Complaint pertaining to defendant FRANKE, INC., DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in the said paragraph.

///
///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

15. The Complaint, and each and every allegation therein directed to defendant fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

17. Plaintiff's claims against defendant are barred by the doctrine of laches, waiver, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

18. Upon information and belief, plaintiff's insured had full knowledge of the risks and possible adverse effects pertaining to the use of the product at issue here, and all or part of the alleged injuries, damages, and/or losses (if any) sustained by plaintiff's insured arose from and were caused by the risks of which plaintiff's insured was so aware, and such risks were accepted and assumed by plaintiff's insured, and for that reason any recovery against defendant should be diminished, reduced, offset, or barred in accordance with the principles of assumption of risk and/or informed consent.

### FIFTH AFFIRMATIVE DEFENSE

19. Any injuries, damages and/or losses allegedly sustained by plaintiff's insured were caused in whole or in part by preexisting conditions, for which defendant bears no legal responsibility or liability.

### SIXTH AFFIRMATIVE DEFENSE

20. If plaintiff's insured sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom defendant neither exercised, nor had any right of control, for which defendant is and was not responsible, and whose conduct defendant had no duty or reason to anticipate or control.

### SEVENTH AFFIRMATIVE DEFENSE

21.  If plaintiff's insured sustained any injury or incurred any loss or damage as alleged in the Complaint, the same resulted in whole or in part from an intervening cause and/or causes, and any action on the part of defendant was not the proximate and/or cause-in-fact of any alleged injuries.

### EIGHTH AFFIRMATIVE DEFENSE

22.  Defendant denies that any action or inaction on its part, or its products, proximately caused or contributed to the incident or injuries of which plaintiff complains in any manner or to any degree.

### NINTH AFFIRMATIVE DEFENSE

23.  Plaintiff has been unable to identify defendant as the person causing the alleged injuries, and therefore has failed to state a cause of action against defendant.

### TENTH AFFIRMATIVE DEFENSE

24.  There is no evidence that defendant manufactured, formulated, designed, labeled, supplied or distributed the products at issue, and hence it is not a proper party to this action.

### ELEVENTH AFFIRMATIVE DEFENSE

25.  All claims raised by the Complaint are barred and/or reduced by the doctrine of contributory negligence and the doctrine of comparative negligence.

### TWELFTH AFFIRMATIVE DEFENSE

26.  Plaintiff's insured failed to heed the instructions and/or warnings provided by defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

27.  Upon information and belief, any injury, loss or damage that plaintiff's insured may have sustained were caused in whole or in part by plaintiff's insured's own negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

28. At all times relevant to plaintiff's claims against defendant, defendant conformed its conduct to the state of knowledge, common and accepted procedures in the field, and the applicable state of the art and standard of care.

## FIFTEENTH AFFIRMATIVE DEFENSE

29. Any alleged defect in defendant's products could not have been detected or removed by a reasonable use of appropriate techniques, pursuant to applicable law and the state of the art at the time of manufacture.

## SIXTEENTH AFFIRMATIVE DEFENSE

30. If the product involved was manufactured and/or sold by defendant, then such product was of merchantable quality and reasonably fit, suitable and safe for its intended and reasonably foreseeable purposes, at the time it left the possession of defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

31. If the product involved in this case was manufactured and/or sold by defendant, such product was produced in accordance with industry standards and was sold in compliance with the specifications of the purchase order.

## EIGHTEENTH AFFIRMATIVE DEFENSE

32. Defendant reserves the right to assert that plaintiff's insured improperly used, misused, abused or used for a purpose other than intended or recommended, the product of which it now complains, should discovery reveal facts supportive of said defense.

## NINETEENTH AFFIRMATIVE DEFENSE

33. If plaintiff's insured has sustained any injury or damages as alleged in the Complaint, such injuries and damages were caused in whole or in part, by the unauthorized, unintended and improper use, alteration, modification, repair and/or handling of the product referred to in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

34. Plaintiff has failed to join properly and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

35. The incident and damages, if any, of which plaintiff's insured complains were proximately caused by the fault of third persons not parties to this suit. Inasmuch as the liability of defendant and the right of the plaintiffs to recover in this litigation can only be determined after the percentages of fault of any parties of the incident are determined, whether or not they are parties to this litigation. Defendant seeks an adjudication of the percentage of fault of each and every person whose fault contributed to this incident.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

36. If the product involved in this case was manufactured and/or sold by defendant, such product was produced in accordance with all applicable regulations and laws.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

37. Plaintiff has failed to mitigate its alleged injuries and damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

38. Defendant is entitled to the benefit of all defenses and presumptions contained in, or arising from, any rule of law or statute of the State of California and any other state in which the plaintiff's insured reside(d) or the alleged injuries occurred.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

39. Defendant hereby gives notice that it may rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and also relies on the applicable affirmative defenses of the other defendants in this action, and thus, it reserves the right to amend this answer to assert such defenses.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

40. Defendant asserts all available defenses contained in the California Commercial Code and the Uniform Commercial Code as to the sale of a good as defined.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

41. Defendant asserts that plaintiff is limited to those remedies available, if any, in the California Commercial Code and the Uniform Commercial Code.

### PRAYER

WHEREFORE, Defendant JOHN GUEST USA, INC. prays for judgment as follows:

1. That Plaintiff take nothing by reason of its complaint and that the complaint be dismissed with prejudice;

2. That Defendant JOHN GUEST USA, INC. be awarded its respective costs of suit, including interest and attorneys' fees; and

3. For such other and further relief as the Court deems just and proper.

Dated: March 31, 2008

SHAW, TERHAR & LaMONTAGNE, LLP

By: _____
John W. Shaw
Attorney for Defendant
JOHN GUEST USA, INC.

## DEMAND FOR JURY TRIAL

Defendant JOHN GUEST USA, INC. hereby demands a trial by jury in this action.

Dated: March 31, 2008

SHAW, TERHAR & LaMONTAGNE, LLP

By: _____
John W. Shaw
Attorney for Defendant
JOHN GUEST USA, INC.

# PROOF OF SERVICE
## Calif. State Auto. Ass'n, et al. v. Franke, Inc.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 3060, Los Angeles, California 90017.

On March 28, 2008, I served the within document(s) described as:

**DEFENDANT JOHN GUEST USA, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

on the interested parties in this action as stated on the attached mailing list.

[X] **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 28, 2008, at Los Angeles, California.

_____Yvonne Allfie_____        _____(Signature)_____
(Type or print name)

LAW OFFICES
SHAW, TERHAR &
LAMONTAGNE, LLP

221715.1  0038-15790

1

## SERVICE LIST
## Calif. State Auto. Ass'n, et al. v. Franke, Inc.

| | |
|---|---|
| Robert E. Wall, Esq.<br>Laura Uddenberg, Esq.<br>Grunsky, Ebey, Farrar & Howell<br>240 Westgate Drive<br>Watsonville, CA 95076<br><br>Attorneys for Plaintiffs<br>CALIFORNIA STATE AUTOMOBILE ASSOCIATION, INTER-INSURANCE BUREAU | Telephone: (831) 722-2444<br>Facsimile: (831) 722-6153 |
| FRANKE, INC.<br>Kitchen Systems Division<br>3050 Campus Drive, Suite 500<br>Hatfield, PA 19440 | |