Robert E. Wall, Esq., SBN 108114
Laura Uddenberg, Esq. SBN 75630
GRUNSKY, EBEY, FARRAR & HOWELL, APC
240 Westgate Drive
Watsonville, CA 95076
Telephone:      831/722-2444
Facsimile:       831/722-6153
Attorneys for Plaintiff CALIFORNIA STATE AUTOMOBILE
ASSOCIATION, INTER-INSURANCE BUREAU

John W. Shaw, Esq., SBN 82802
Keri L. Nakawatase, Esq., SBN 240032
SHAW, TERHAR & LaMONTAGNE, LLP
707 Wilshire Boulevard, Suite 3060
Los Angeles, CA 90017
Telephone      213/614-0400
Facsimile:       213/629-4534
Attorneys for Defendant JOHN GUEST USA, INC.

Joshua A. Quinones, Esq., SBN 186003
WOOD, SMITH, HENNING & BERMAN, LLP
505 N. Brand Boulevard, Suite 1100
Glendale, CA 91203-1906
Telephone:      818/551-6000
Facsimile:       818/551-6050
Attorneys for Defendant FRANKE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA STATE AUTOMOBILE ASSOCIATION, INTER-INSURANCE BUREAU,<br><br>Plaintiff,<br><br>vs.<br><br>FRANKE, INC., JOHN GUEST USA, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | No. C 08-01642 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE:     July 1, 2008<br>TIME:     10:00 a.m.<br>PLACE:    Courtroom E |

-1-

## 1. JURISDICTION AND SERVICE

Plaintiff filed its complaint in the Superior Court of the State of California, County of Marin, on March 10, 2008 and served the agents for service of process for both defendants by mail on March 14, 2008.

Pursuant to 28 USC § 1332, Defendant John Guest filed a notice of removal on the basis of diversity jurisdiction on March 26, 2008.

## 2. FACTS

Plaintiff, CALIFORNIA STATE AUTOMOBILE ASSOCIATION (CSAA), insured under a policy of homeowners insurance, the residence of Blair and Laurie LaCorte, located at 15 Belvedere Ave., Belvedere, California. In about 2002 the LaCortes remodeled the kitchen of their home, which included the installation of a Triflow water filter, serial number FR 077691, manufactured by defendant FRANKE, INC., under the second floor kitchen sink. The fitting on the Franke water filter was manufactured by defendant, JOHN GUEST USA, INC.

Early on the morning of November 7, 2007, the John Guest fitting on the Franke water filter fractured, allowing water to leak out. The LaCortes awoke to alarms ringing, and upon inspection, found water had flooded the upstairs kitchen, hallway, stairs, downstairs hallway, two bedrooms, a bathroom and a utility closet. The damage included damage to hardwood floors and carpets, downstairs ceilings, light fixtures and walls.

The John Guest fitting was examined under a microscope which revealed no tool marks to indicate it had been over tightened. Spectroscopic examination of the fitting revealed it to be made of Polyacetal plastic. Published literature has shown this type of plastic is sensitive to attack by chlorine at low concentrations, such as is found in potable water.

CSAA adjusted and paid the claim; this subrogation action followed.

## 3. LEGAL ISSUES

Plaintiff claims the Franke water filter, and in particular, the John Guest fitting with which it was supplied, was defective because the fitting was made of a plastic that was prone to degradation upon exposure to chlorine at low levels. Plaintiff does not see any novel legal issues arising out of these facts.

### 4. MOTIONS

No party has filed any motion to date, and the parties do not foresee any motions, other than motions in limine, being filed.

### 5. AMENDMENT OF PLEADINGS

None are anticipated.

### 6. EVIDENCE PRESERVATION

The Franke water filter and John Guest fitting are in the possession of plaintiff's consultant, EFI Global, at its facility in Rocklin, CA. Both Franke and Guest have had an opportunity to examine the evidence, and may do so again at any time, upon reasonable notice.

The LaCorte residence was repaired in order to allow them to move back in. The damage was documented in photographs. If the defendants wish to view the repaired residence, plaintiff will cooperate in arranging it.

All documents in the possession of plaintiff relevant to this claim are stored electronically, and have been preserved.

### 7. DISCLOSURES

Plaintiff has made a timely disclosure of the following:

A. **Documents**: Its entire claim file, including all documentation of damage and its log of notes on the adjustment of the claim, solely excepting the log of notes on the subrogation claim, regarding which plaintiff claims attorney client privilege; the declarations sheet and policy of insurance under which CSAA paid this loss; and the report and photographs of its expert consultants, EFI Global.

B. **Witnesses**: the insureds, plaintiff's claims adjustor, repair contractors and plaintiff's principal expert consultant; and

C. **Computation of damages**: see below.

Defendant John Guest USA, Inc. provides the following disclosure:

A. **Documents**: product information (subject to an appropriate protective order to protect the proprietary nature of these documents); photographs of the component;

B.  **Witnesses**: Mr. and Mrs. LaCorte; claims representatives who adjusted the loss; contractors; expert witnesses as retained; company designates as identified; witnesses to the incident as identified.

C.  **Computation of damages**: defer to plaintiff's disclosure

**8.  DISCOVERY**

The parties believe that the initial disclosures made pursuant to FRCP 26(a)(1) will provide adequate information to evaluate this case and engage in a meaningful mediation, which will be set in August or September 2008. If the mater does not settle, the parties will prepare a discovery plan.

**9.  CLASS ACTION**

This is not a class action.

**10.  RELATED CASES**

The parties know of no related cases.

**11.  RELIEF**

Plaintiff seeks money damages as described below.

CSAA has made the following payments on this loss.

| DATE | PAYEE | EXPLANATION | AMOUNT |
| --- | --- | --- | --- |
| 1/23/08 | K2 Environmental | Mitigation. | $16,622.08 |
| 12/27/07 | LaCorte/Wells Fargo | Cash settlement for dwelling repairs. | $47,243.15 |
| 1/23/08 | LaCorte/Wells Fargo | Cash settlement for supplemental dwelling repairs, less $1,000 deductible. | $29,208.60 |
| | | $1,000 deductible paid by LaCorte | $1,000.00 |
| 1/15/08 | EFI Global | *Stearman* costs. | $354.78 |
| | | Subtotal for Dwelling Repairs | $94,428.61 |
| 1/23/08 | LaCorte | Reimbursement for piano move, pack-out and rug cleaning. | $4,368.97 |
| 1/23/08 | CRDN Greater Bay Area | Rug restoration. | $238.25 |
| | | Subtotal for Personal Property | $4,607.22 |
| 12/04/07 | LaCorte | Reimbursement for ALE (LaCorte used entire additional living expenses coverage) | $5,547.63 |
| | | **TOTAL** | **$104,583.46** |

The claim amount became certain by the end of January 2008, which entitles CSAA to collect prejudgment interest from that point. Prejudgment interest accumulates at 7% per annum, $7,320.84 per year, or $610.07 per month; for $3050.35 as of the date this statement is filed. CSAA paid $320 to file this suit. **Plaintiff's total claim is now $107,953.81**

### 12. SETTLEMENT AND ADR

In a demand letter to both defendants dated March 4, 2008, plaintiff provided documentation of its damages and demanded $105,693.53 to settle the case. No response was had by either defendant.

The parties have agreed to private mediation, which is scheduled to take place on August 25, 2008.

### 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.

The parties all consent to have Magistrate Judge Elizabeth D. Laporte conduct all future proceedings in this case.

### 14. OTHER REFERENCE

The parties do not see a need for any further reference at this time.

### 15. NARROWING OF ISSUES

The main issue is the cause of the fracturing of the fitting. It will not be possible to narrow that factual issue. It may be possible to stipulate to damages.

The parties see no need to bifurcate issues, claims or defenses.

### 16. EXPEDITED SCHEDULE

The parties see no need to handle this case on an expedited schedule.

### 17. SCHEDULING

The parties suggest that a scheduling conference be held in November 2008, after mediation. If the case does not settle, the parties can then propose a discovery plan and schedule, including a trial date.

### 18. TRIAL

Defendants demand a jury trial. The parties estimate the case will take three to five court days to try.

CSUB19785/ (LaCorte)joint-cmc
*CSAA v. Franke, Inc and John Guest USA, Inc, et. al.*

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties know of no non-party interested entities or persons.

**20.   OTHER MATTERS**

None to bring to the court's attention at this time.

DATED:   June 24, 2008                    GRUNSKY, EBEY, FARRAR & HOWELL


By /S/ Laura Uddenberg
Laura Uddenberg and Robert E. Wall, Attorneys for Plaintiff, CALIFORNIA STATE AUTOMOBILE ASSOCIATION, INTER-INSURANCE BUREAU

DATED:   June 24, 2008                    SHAW, TERHAR & LaMONTAGNE, LLP


By /S/ John W. Shaw
John W. Shaw, Attorneys for Defendant JOHN GUEST USA, INC.

DATED:   June 24, 2008                    WOOD, SMITH, HENNING & BERMAN, LLP


By /S/ Joshua A. Quinones
Joshua A. Quinones, Attorneys for Defendant FRANKE, INC.

CSUB19785/ (LaCorte)joint-cmc
*CSAA v. Franke, Inc and John Guest USA, Inc, et. al.*

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
COUNTY OF SANTA CRUZ ) ss

    I am over the age of eighteen (18) years and not a party to the within action. I am employed by the law firm of GRUNSKY, EBEY, FARRAR & HOWELL (the "firm"), and my business address is 240 Westgate Drive, Watsonville, California 95076.

    On **June 24, 2008** I caused to be served the within **JOINT CASE MANAGEMENT STATEMENT** on the parties to this action, by placing a true copy thereof enclosed in a sealed envelope, addressed as follows and delivered in the manner indicated:

*Attorneys for Defendant John Guest USA, Inc.:*
John W. Shaw
Shaw, Terhar & LaMontagne, LLP
707 Wilshire Boulevard, Suite 3060
Los Angeles, CA 90017
Tel: (213) 614-0400
Fax: (213) 629-4534

*Attorneys for Franke, Inc.:*
Joshua A. Quinones
Wood Smith Henning & Berman LLP
505 N. Brand Blvd., Suite 1100
Glendale, CA 91203-1906
Tel: (818) 551-6000
Fax: (818) 551-6050

XXX    **[By Mail]:** I caused each envelope with postage prepaid to be placed in the United States mail at Watsonville, California. I am readily familiar with the business practices of the firm regarding the collection and processing of correspondence for mailing with the United States Postal Service. Pursuant to such business practices, and in the ordinary course of business, all correspondence is deposited with the United States Postal Service on the same day it is placed for collection and mailing.

\_\_\_\_    **[By Federal Express]:** I caused each envelope to be delivered to Federal Express for overnight courier to the office(s) of the addressee(s).

\_\_\_\_    **[By Hand Delivery]:** I caused each envelope to be delivered by hand on the office(s) of the addressee(s).

\_\_\_\_    **[By Fax]:** On * , I served the within document on the parties in said action by facsimile transmission, pursuant to Rule 2.306 of the California Rules of Court. A transmission report was properly issued by the sending facsimile machine and the transmission was reported as complete and without error.

\_\_\_\_    **[By e-mail]** Pursuant to CCP 1010.6(6), and pursuant to authorization from ***, assistant to ***, I scanned and emailed correct copies of the above-entitled document to ***(e-mail address). A copy of the e-mail transmission is attached hereto.

    I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on **June 24, 2008** at Watsonville, California.

*/s/ Karen L. Machado*
Karen L. Machado

csub19785/POS
CSAA v. Franke, et al., Case No. CV 08-01642 EDL
**PROOF OF SERVICE**